Merrimack,
No. 5350.

HAZEL WOODWARD *v*. ROBERT D. BAILEY & *a*.

Argued May 5, 1965.
Decided June 30, 1965.

*Shaines* & *Brown* for the plaintiff.

*Boynton, Waldron & Dill* and *Glen Graper* (*Mr. Graper* orally), for the defendants.

DUNCAN, J. This case reserves and transfers the defendants' exception to denial of a motion to compel answers to questions posed to a witness on deposition taken in advance of trial. By the same motion the defendants also sought to require production of a written agreement between the witness and the defendant Robert D. Bailey. The Presiding Justice (*Leahy*, C. J.) granted the motion for production of the written agreement and denied the motion to compel answers.

The plaintiff seeks to recover a broker's commission allegedly due by reason of production by her of the purchaser of real

estate in York, Maine, formerly owned by the defendants and conveyed by them on July 30, 1963 to George T. Kattar.

The witness, Leo B. Dowd, whose answers the motion sought to compel, is a resident of New Hampshire, engaged in the real estate business here. The plaintiff Woodward is a licensed real estate broker in the State of Maine. She testified on deposition that the purchaser was first brought to her in January 1963 by the witness Dowd, and was shown the premises by her, in company with Dowd. She testified that Dowd was a co-broker, and that she expected to share any commission with him.

The defense pleaded is that the action is a "sham" to permit collection of a commission for Dowd, which he is unable to enforce under the laws of Maine because not licensed to sell real estate there; and that the plaintiff had "no legitimate connection with [the] closing of this . . . sale." The witness Dowd testified that he had a "blanket agreement" with the plaintiff with respect to reciprocal "co-brokering" of properties in Maine and New Hampshire.

The first question which the defendants sought an order to compel Dowd to answer was as follows: "Now if the sale . . . was actually initiated in 1962, as opposed to 1963, I understand you do not claim that you are entitled to a commission, is that right?" Counsel for the plaintiff objected to use of the word "initiated" as "too ambiguous," and when defendants' counsel refused to change the question, instructed the witness not to answer. Defendants' counsel thereupon moved to certify the question to the Superior Court.

After commenting that he would "rephrase it further," he then asked the following question: "If Mr. Kattar was brought in contact with Mr. Bailey and was actually interested in, again, negotiating for the purchase . . . in 1962, as opposed to 1963, now do you claim that you are entitled to a real estate commission?" This question the witness answered by stating that the defendant Robert D. Bailey had met Kattar through him for the purpose of financing purchase by a third person, and concluded: "I guess it is a matter of opinion." The witness went on to concede that "legally" he did not know if he would be entitled to a commission, but "morally I should have, yes"; and to state, "I think I would claim a commission under those circumstances."

Shortly thereafter defendants' counsel asked the witness the second question to which an answer is sought to be compelled:

"I am asking you in the circumstances that Mr. . . . Kattar . . . may have negotiated for purchase option as early as May 1962, you would have no basis for claiming Hazel Woodward was a broker concerned with this sale, is that correct?" Plaintiff's counsel instructed the witness not to answer, stating, "That is another question. It is not admissible."

The defendants also sought to compel answers to the following questions: "And you would not make a legal claim for a cut of this commission?" When opposing counsel objected, this question was changed to: "Do you claim a commission Mr. Dowd in this matter, or any portion of one?" The witness answered the last question by saying, "I think I have answered the question," and counsel asked: "Then you refuse to answer it, is that right?" Plaintiff's counsel said: "He didn't say that . . . he has answered you about five times."

The witness had previously testified that he did not know if he "expected a cut of that commission"—"I can't tell what she is going to do"; and that he made "no legal claim for it." He had previously testified that he believed that "Hazel Woodward was the broker"; that he was "entitled to a co-broker's fee . . . [a]bsolutely, because of a private agreement I have had of long standing with Hazel Woodward," and that he "would suspect that she would be lady enough to want to live up to the agreement." Additionally he had answered, "I think she should receive the commission in full . . . If she wants to do anything for me, that is up to her."

While the record contains no findings by the Trial Court, it is apparent that the Court could properly have concluded that in other parts of the deposition the witness had answered, in substance, the questions to which answers were sought to be compelled. The issue presented by the motion was one which "rests in the sound discretion of the Trial Court" (*Staargaard* v. *Company*, 96 N. H. 17, 18), and no error is demonstrated by the record. To the extent, if any, that the answers sought were not in fact obtained, we cannot say as a matter of law that they were necessary for the proper preparation of the defendants' case. *Lincoln* v. *Langley,* 99 N. H. 158; *Staargaard* v. *Company, supra.*

*Exception overruled.*

All concurred.